**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| DETRA BARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-cv-744-C |
| | § | |
| NATIONSTAR MORTGAGE, LLC, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS

Date: September 25, 2013                    Respectfully submitted,


              */s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr., SBN: 24000095
*Attorney-in-Charge*
C. Charles Townsend, SBN: 24028053
*Of Counsel*
Walter McInnis, SBN: 24046394
*Of Counsel*
AKERMAN SENTERFITT, LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas  75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT
NATIONSTAR MORTGAGE, LLC**

# TABLE OF CONTENTS

I.      Summary of Argument ................................................................................. 1

I.      Factual & Procedural Background .............................................................. 1

        A.      The Loan and the Property ...............................................................1

        B.      Barrett's Allegations in Present Suit. ...............................................2

        C.      Barrett I. ...........................................................................................4

III.    Legal Standard ............................................................................................ 4

IV.     Argument & Authorities ............................................................................. 5

        A.      Barrett's Claims are Barred by *Res Judicata*. .................................6

                1.      Identity of Parties. ................................................................6

                2.      Judgment in Barrett I was Rendered by a Court of Competent
                        Jurisdiction. ..........................................................................8

                3.      Judgment in Barrett I is a Final Judgment on the Merits. ...........8

                4.      The Same Claims Involved in Both Suits. .............................8

        B.      Even if They Were Not Precluded, Barrett's Claims Still Lack Merit. ...................9

                1.      The Premise Underlying Barrett's Case Lacks Merit. ...............10

                2.      Barrett Fails to Plead a Minimally Sufficient Claim for Violation
                        of the Texas Debt Collection Act. ......................................12

                3.      Barrett Fails to Plead a Minimally-Sufficient Breach of Contract
                        Claim. ..................................................................................13

                4.      Barrett Fails to Plead a Minimally Sufficient Claim for Violation
                        of RESPA. ...........................................................................14

                5.      Barrett Fails to Plead a Minimally Sufficient Claim for Violation
                        of the Texas Property Code ................................................15

                6.      Barrett Does Not Plead a Minimally Sufficient Claim for Fraud. ...........15

                7.      Barrett Does Not Plead a Minimally Sufficient Claim for
                        Negligence. ..........................................................................17

8.    Barrett Fails to Plead a Minimally Sufficient Trespass to Try Title and Quiet Title Claim.................................................................................18

9.     Barrett Is Not Entitled To Declaratory Relief..........................................19

V.    Conclusion & Prayer ........................................................................................ 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acker v. Texas Water Comm'n*, 790 S.W.2d 299 (Tex. 1990) ..................................................... 11

*Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, (5th Cir.), *appeal dismissed*,
    423 U.S. 908 (1975)........................................................................................................... 7

*Aetna Life Ins. Co. v. Haworth*,300 U.S. 227 (1937)..................................................... 19

*Alexander v. Wells Fargo Bank, N.A.*, No. 02-10-00005-CV,
    2011 WL 1331519 (Tex. App.-Fort Worth Apr. 7, 2011, no pet. h.) ...................................... 12

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .............................................................. 5, 14

*BAC Home Loans Servicing, LP v. Texas Realty Holdings*,
    901 F. Supp. 2d 884 (S.D. Tex. Sept. 28, 2012).......................................................... 2

*Barrett v. HSBC Bank USA, N.A. et al*., Case No. 4:12-cv-476-A
    (N.D. Tex. Nov. 9, 2012) ....................................................................................... i

*Bell Atlantic v. Twombly,* 127 S. Ct. 1955 (2007) ......................................................... 5

*Britton v. Seale*, 81 F.3d 602 (5th Cir. 1996)............................................................... 6

Broyles v. Chase Home Fin., No. 3:10-CV-256-G,
    2011 WL 1428904 (N.D. Tex. Apr. 13, 2011) .......................................................... 11

*Cameron v. Terrell & Grant, Inc*., 618 S.W.2d 535 (Tex. 1981) ................................................ 12

*Casterline v. OneWest Bank, F.S.B.*, No. 13-40067,
    2013 WL 3199059 (5th Cir. June 25, 2013) .......................................................... 10

*Centurion Planning Corp. v. Seabrook Venture II*, 176 S.W.3d 498
    (Tex. App.–Houston [1st Dist.] 2004) ................................................................... 12

*Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994)............................................................ 5

*Coastal Conduit & Ditching, Inc. v. Noram Energy Corp*., 29 S.W.3d 282
    (Tex. App.—Houston [14th Dist.] 2000)................................................................. 17

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000)......................................... 5

*Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004)................................................ 8

*DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990) ............................................... 16

*Duffie v. United States*, 600 F.3d 362 (5th Cir. 2010) ................................................... 6

*Ellis v. Amex Life Ins. Co.*, 211 F.3d 935 (5th Cir. 2000) ............................................... 6

*Eubanks v. FDIC*, 977 F.2d 166 (5th Cir. 1992) ............................................................ 8

*Fricks v. Hancock*, 45 S.W.3d 322 (Tex. App.—Corpus Christi 2001, no pet.) ........................ 19

*Gilmartin v. KVTV-Channel 13*, 985 S.W.2d 553 (Tex. App.-San Antonio 1998, no pet.) ......... 16

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) .............................................. 4

*Harris v. Am. Prot. Ins. Co.*, 158 S.W.3d 614 (Tex. App.—Fort Worth 2005) .......................... 13

*Hibbets v. Lexington Inx. Co.*, 377 Fed. Appx. 352 (5th Cir. 2010) ................................... 14

*Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887 (Tex. 2000) ................................... 4

*Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-00330-CV
    (Tex. App.—Fort Worth May 19, 2011) ................................................................. 12

*In re Ark-La-Tex Timber Co.*, 482 F.3d 319 (5th Cir. 2007) ........................................... 8

*Katz v. Rodriguez*, 563 S.W.2d 627 (Tex. App.—Corpus Christi 1977, writ ref'd n.r.e.) ........... 18

*Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015 (5th Cir. 1996) ................................... 5

*Martins v. BAC Home Loans Servicing, LP*, No. 12-20559, 2013 WL 3213633
    (5th Cir. June 26, 2013) ........................................................... 1, 10, 11, 12

*Meza v. Gen. Battery Corp.*, 908 F.2d 1262 (5th Cir. 1990) ........................................... 7

*Nat'l Am. Ins. Co. v. Breaux*, 368 F. Supp. 2d 604 (E.D. Tex. 2005) ................................ 6

*Nelson v. Regions Mortgage, Inc.*, 170 S.W.3d 858 (Tex. App.—Dallas 2005, no pet.) ............. 15

*Petro-Hunt, LLC v. United States*, 365 F.3d 385 (5th Cir. 2004) ..................................... 8

*Prospect High Income Fund v. Grant Thornton, LLP*
    203 S.W.3d 602 (Tex. App.—Dallas 2006) ............................................................. 17

*Reliable Consultants, Inc. v. Earle*, 517 F.3d 738 (5th Cir. 2008) ................................. 4

*Scanlan v. Tex. A & M Univ.*, 343 F.3d 533 (5th Cir. 2003) .......................................... 5

*Silveira v. CitiMortgage, Inc.*, No. H-11-2757, 2012 WL 423409 (S.D. Tex. Feb. 8, 2012) ....... 11

*Southwest Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84 (5th Cir. 1977) .............. 7

*Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986) ........................................... 16

*Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2005) ......................................... 6

*Torello v. Mortg. Elec. Reg. Sys. Inc.*, No. 3:11-CV-0948-G, 2012 WL 1888134
  (N.D. Tex. May 24, 2012) ........................................................................................................ 11

*Trans-Gulf v. Performance Aircraft Servs.*, 82 S.W.3d 691 (Tex. App.—Eastland 2002) .......... 17

*United States v. Fairbanks Capital Corp.*, No. 1:03-cv-12219-DPW,
  filed in the United States District Court for the District of Massachusetts ............................... 4

*VRC LLC v. City of Dallas*, 460 F.3d 607 (5th Cir. 2006) ........................................................... 19

*Wall v. Carrell*, 894 S.W.2d 788 (Tex. App.—Tyler 1994, writ denied) .................................... 18

*Wright v. Matthews*, 26 S.W.3d 575 (Tex. App.—Beaumont 2000, pet. denied) ....................... 18

**Statutes**

TEX. PROP. CODE § 51.0001(4)(c) ............................................................................................ 11

TEX. PROP. CODE § 51.0025 ...................................................................................................... 11

TEX. R. CIV. P. 783(d), (e) ......................................................................................................... 18

TEX. R. CIV. P. 784 .................................................................................................................... 18

**Rules**

Federal Rule of Civil Procedure 81(c) .......................................................................................... 4

Defendant Nationstar Mortgage, LLC (**Nationstar**) moves to dismiss the claims asserted by Plaintiff Detra Barrett (**Barrett**) in her *Plaintiff's Original Petition for Quiet Title and Validation of Debt* (**petition**) because they fail to state a claim upon which relief may be granted. In support of this motion, Nationstar respectfully shows the following:

## I.      SUMMARY OF ARGUMENT

This is Barrett's second attempt to avoid foreclosure through a meritless suit.  Barrett's first lawsuit was dismissed with prejudice on November 9, 2012.[1]  This case too must be dismissed.  Not only is it barred by *res judicata*, it is premised upon a legal theory—show-me-the-note—that has been rejected by the Fifth Circuit.  *See Martins v. BAC Home Loans Servicing, LP*, No. 12-20559, 2013 WL 3213633, at *2 (5th Cir. June 26, 2013) ("We find no contrary Texas authority requiring production of the 'original' note.  The original, signed note need not be produced in order to foreclose."); *id.* at *4 ("The party to foreclose need not possess the note itself.").

## I.    FACTUAL & PROCEDURAL BACKGROUND

**A.          The Loan and the Property.**

According to the allegations in the petition—which, for purposes of this motion, must be taken as true[2]—and publicly available documents, Barrett granted a lien against the property located at 1601 Pacific Place, Fort Worth, Texas (**property**) to secure repayment of a loan in the

---

[1] *See Barrett v. HSBC Bank USA, N.A. et al.*, Case No. 4:12-cv-476-A (N.D. Tex. Nov. 9, 2012) (McBryde, J.) (**Barrett I**), Docket No. 20.
[2] Nationstar does not concede the truth of these allegations, but recites them *arguendo* for this motion.

original amount of $103,296, plus interest.[3]   The deed of trust was subsequently assigned to HSBC Bank USA, N.A., as trustee for the certificateholders of the MLMI Trust, mortgage loan asset-backed certificates, Series 2005-WMC1 (**HSBC**).[4]

Barrett is well aware HSBC is the mortgagee of her deed of trust; she sued HSBC in Barrett I, along with HSBC's mortgage servicer at the time, Bank of America, N.A. (**BANA**).[5] Nationstar now services the loans on behalf of HSBC.[6]

## B.        Barrett's Allegations in Present Suit.

Set against the indisputable facts established by publicly-recorded documents, Barrett concedes in the petition she granted a lien on the property in connection with the loans in July of 2004.[7]  But she asserts Nationstar "gave notice of foreclosure of the lien . . . in spite of the fact that there is no assignment of record that gives [Nationstar] the right to this action."[8]  But her primary complaint is not that Nationstar, as the mortgage servicer, was not assigned the deed of trust of record,[9] it is that Nationstar must hold the note secured by the deed of trust to be entitled to enforce the deed of trust[10] and that it failed to produce it to her upon her request.[11]

---

[3] *See* Deed of Trust, **Exhibit 1**.  In addition to this first lien, Barrett also granted a second lien against the property at the same time to secure repayment of a loan in the original principal amount of $25,824, plus interest.  *See* Purchase Money Security Document (Second Lien), **Exhibit 2**.

[4] *See* Corporate Assignment of Mortgage/Deed of Trust, **Exhibit 3**.

[5] *See, e.g.*, Docket No. 9 at ¶ 7, in Barrett I, Plaintiff [*sic*] First Amended Petition and Application for Temporary Injunction ("At all times relevant to this complaint, defendant [HSBC] was the alleged Lender who defrauded plaintiffs [*sic*] and caused severe damages, and contacted [*sic*] with servicer, Bank of America, N.A. . . . ").

[6] *See e.g.*, Plaintiff's Original Petition for Quiet Title and Validation of Debt (**Pet.**), Docket No. 1-2 at p. 24 (copy of Notice of Substitute's Sale identifying Nationstar as mortgage servicer for HSBC).

[7] *See* Pet. at 2.

[8] *See* Pet. at 2.

[9] There is no legal authority requiring a mortgage servicer to record notice it is servicing a lien.  *See e.g. BAC Home Loans Servicing, LP v. Texas Realty Holdings*, 901 F. Supp. 2d 884, 905-06 (S.D. Tex. Sept. 28, 2012) (rejecting same argument).

[10] *See, e.g.*, Pet. at 2 ("Because Defendant has in fact provided no evidence that they are in fact Holder of the Note, they have no authority to collect on the note."); Pet. at 3 ("the failure of Defendant to verify that they are [*sic*] the holders of the Note, constitute [*sic*] violations of the Texas Finance Code"); Pet. at 4

---

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**                                    **Page 2 of 20**
Civil Action No. 4:13-cv-744-C; *Barrett v. Nationstar Mortgage LLC*

Barrett also complains Nationstar failed to give some unspecified notice under section 51.002 and 51.0025(b) of the Texas Property Code, founding these conclusory allegations on the premise "Defendants [*sic*] have failed to give proper notice because all transfers of the lien were not recorded timely."[12]  Barrett makes no other allegations regarding the property or the loan.

Based upon these allegations, Barrett seeks to recover under the following legal theories: (**1**) trespass to try title and quiet title;[13] (**2**) violation of the Texas Finance Code;[14] (**3**) breach of contract;[15] (**4**) violation of the Real Estate Settlement Procedures Act (**RESPA**);[16] (**5**) violation of the Texas Property Code;[17] (**6**) fraud;[18] (**7**) negligence;[19] and (**8**) intentional misrepresentation.[20]  She seeks declaratory relief to the effect that Nationstar cannot enforce the obligations in the security instruments[21] and injunctive relief barring foreclosure.[22]

---

("Defendant does not possess the original real estate lien note(s) with the proper endorsements"); Pet. at 4 ("Defendant cannot affirmatively show possession of the original note(s)"); Pet. at 5 ("[T]he plaintiff has requested that Defendants [*sic*] produce certified copies of any all [*sic*] transfer documents showing all transfers and assignments of the Original Deed of Trust, as well as the Original Note.  Such documentation has not yet been provided to Plaintiff."); Pet. at 9 (requesting a "declaration that the Defendant must produce the one and only Original Promissory Note signed by the Plaintiff").

[11] *See* Pet. at 7 ("Plaintiff has requested Defendant produce the original note and related documents or inspection and review . . . Defendant has refused to produce the original note and other related document.")

[12] *See* Pet. at 3 & 7.

[13] *See* Pet. at 2 & 4.

[14] *See* Pet. at 2-3.

[15] *See* Pet. at 5.

[16] *See* Pet. at 7.

[17] *See* Pet. at 7.

[18] *See* Pet. at 8.

[19] *See* Pet. at 8.

[20] *See* Pet. at 8.

[21] *See* Pet. at 5.

[22] *See* Pet. at 9.

---

C.      **Barrett I.**

Barrett made nearly identical allegations in Barrett I, a case which was dismissed with prejudice by Judge McBryde ten months ago.[23]  Although much of Barrett's complaint in Barrett I cribs, nearly word-for-word, a complaint filed against another lender a decade ago,[24] Barrett also complained of HSBC's and BANA's failure to produce the original note upon her request and requested HSBC and BANA not be permitted to foreclose "until the debt is validated and the true holder of the note is known."[25]  After first providing her with an opportunity to amend her pleadings to state a claim,[26] all of Barrett's claims in Barrett I were dismissed with prejudice.[27]

## III.     LEGAL STANDARD

Because this case was removed from state court, Texas pleading rules apply.  *See e.g.*, FED. R. CIV. P. 81(c).  "Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant."  *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).  However, Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted."  *See* FED. R. CIV. P. 12(b)(6).  In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant.  *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008).  A plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  And the facts pleaded by a plaintiff "must be enough to raise a right to relief above

---

[23] *See* Docket No. 9 in Barrett I.
[24] *See United States v. Fairbanks Capital Corp.*, No. 1:03-cv-12219-DPW, filed in the United States District Court for the District of Massachusetts.
[25] *See* Docket No. 9 at ¶¶ 27-30, in Barrett I.
[26] *See* Docket No. 8 in Barrett I, Order.
[27] *See* Docket No. 9 at ¶¶ 31-86, in Barrett I.

the speculative level." *Bell Atlantic v. Twombly,* 127 S. Ct. 1955, 1964–65 (2007).  Those facts must, on their face, give rise to a plausible claim for relief.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Moreover, a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.*

In deciding a motion to dismiss, a court may consider not only the allegations made in the plaintiff's complaint, but also any documents incorporated in the pleading and all matters of which judicial notice may be taken.  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996).  All documents referred to in the plaintiff's petition, and which are central to the plaintiff's action, are considered "incorporated in the pleading."  *See Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–90 (5th Cir. 2000) ("[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his or] her claim.").  In addition, "a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

## IV.   ARGUMENT & AUTHORITIES

Barrett's claims are barred by *res judicata*.  Even if *res judicata* did not apply, Barrett's claims must be dismissed because they fail to state a claim.  The underlying premise of Barrett's claims—that Nationstar must hold the original promissory note in order to foreclose the deed of trust—has been repeatedly rejected by courts throughout Texas and, most recently, by the Fifth Circuit.  So too are Barrett's individual causes of action fatally defective.  Nationstar will address Barrett's claims in this order.

**A.**          **Barrett's Claims are Barred by *Res Judicata*.**

The sole basis for Barrett's theories of recovery arise out of matters which were raised, or could have been raised, in Barrett I.  Therefore, the judgment in Barrett I bars the present suit under the doctrine of *res judicata*.

The preclusive effect of a prior federal court judgment is controlled by federal *res judicata* rules. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).  *Res judicata*, or claim preclusion, prevents the re-litigation of a claim or cause of action that has been finally adjudicated, as well as related matters that with the use of diligence, should have been litigated in the prior suit.  *See Britton v. Seale*, 81 F.3d 602, 606 (5th Cir. 1996).  *Res judicata* "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

The test for *res judicata* has four elements: (**1**) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (**2**) the judgment in the prior case was rendered by a court of competent jurisdiction; (**3**) there has been a final judgment on the merits; and (**4**) the same claim or cause of action is involved in both suits.  *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010).  All four elements are present here.

**1.          Identity of Parties.**

*Res judicata* serves as a bar not only to parties to a litigation, but also those in privity with the parties. *See, e.g., Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (identifying first element of res judicata as "the parties are identical or in privity."). "Privity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." *Nat'l Am. Ins. Co. v. Breaux*, 368 F. Supp. 2d 604, 621 (E.D. Tex. 2005).  For *res judicata* purposes, privity

---

exists: (**1**) where the non-party is the successor in interest to a party's interest in property, (**2**) where the non-party controlled the prior litigation, and (**3**) where the non-party's interests were adequately represented by a party to the original suit. *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990); *Southwest Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977). As to the "adequate representation" alternative, a party may be considered bound as a result of adequate representation through (**1**) authorized representation, where "a non-party is bound if he authorized a party in the prior suit to represent his interests;" (**2**) class or associational representation, where a non-party is bound if he was represented as a member of a class or by an association in the original litigation; and (**3**) virtual representation, where "a party to the original suit is 'so closely aligned to the non-party's interests as to be his virtual representative.'" *Meza*, 908 F.2d at 1266-67 (quoting *Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir.), *appeal dismissed*, 423 U.S. 908 (1975)); *Southwest Airlines*, 546 F.2d at 95. "Courts have tended to treat authorized representation, class representation, associational representation, and virtual representation as synonymous with adequate representation for *res judicata* purposes." *Meza*, 908 F.2d at 1267.

Barrett was the sole plaintiff in both Barrett I and in this suit. And although Nationstar was not named as a defendant in Barrett I, privity exists between Nationstar and the defendants in Barrett I, BANA and HSBC, because Nationstar is the successor-in-interest to BANA and because BANA and HSBC adequately represented Nationstar's interests. Nationstar occupies the same capacity in this suit that BANA occupied in Barrett I—servicer for HSBC. As the mortgagee and mortgage servicer of the subject loan, HSBC and BANA had the same motivation to protect the very interest of Nationstar's being threatened now. And they successfully did so,

_____

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**                                **Page 7 of 20**
Civil Action No. 4:13-cv-744-C; *Barrett v. Nationstar Mortgage LLC*

by hiring the same counsel as represents Nationstar in this suit, to defeat Barrett's meritless claims.  Thus, the parties are in privity for *res judicata* purposes.

### 2.       Judgment in Barrett I was Rendered by a Court of Competent Jurisdiction.

The judgment in Barrett I was rendered by a court in the same division of the same district as this Court.[28]  It was a court of competent jurisdiction.

### 3.       Judgment in Barrett I is a Final Judgment on the Merits.

The judgment in Barrett I recited, "The court ORDERS, ADJUDGES, and DECREES that all claims and causes of action asserted in the above-captioned action . . . are hereby, dismissed."[29]  It was a final judgment.

### 4.       The Same Claims Involved in Both Suits.

In determining whether a prior-litigated claim is the same in a later-filed suit courts ordinarily apply the "transactional test," which "requires that the two actions be based on the same 'nucleus of operative facts.'"  *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007) (quoting *Eubanks v. FDIC*, 977 F.2d 166, 171 (5th Cir. 1992)).  "[A] prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] transaction arose.'"  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, LLC v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004)).  What constitutes a "transaction" or a "series of transactions" is determined by weighing various factors such as "whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'"  *Id.* (quoting *Petro-Hunt*, 365 F.3d at 395-96).

---

[28] *See also* Docket 9 at  ¶¶ 11-12, Barrett I (conceding the jurisdiction of the N.D. Tex.).
[29] *See* Docket 21, Barrett I.

Barrett's claims in this suit all involve the same nucleus of operative facts as the claims disposed of in Barrett I.  This analysis is relatively straightforward because very few facts are alleged in either suit, and because the factual allegations in both suits devolve into "show-me-the-note" allegations recycled and rejected in thousands of cases in Texas.  The allegations in this lawsuit can be matched with mirroring allegations in Barrett I as follows:

- In this lawsuit Barrett asserts "there is no assignment of record that gives Defendant the right to this action."[30]  In Barrett I she asserted her claims were valid due to defendants' failure to "produce certified copies of any and all transfer documents showing all of the transfers and assignments of the Original Deed of Trust."[31]

- In this lawsuit Barrett claims Nationstar must show the note before the obligations recited in the deeds of trust can be enforced.[32]  In Barrett I she claimed her causes of action were valid because "the defendant [*sic*] have refused to produce the original note."[33]

- In this lawsuit Barrett alleges, "Defendant does not possess the original real estate lien note(s)."[34]  In Barrett I she alleged her demand "that the defendants produce the Original Note and Original Title" must be met before any foreclosure could occur.[35]

- In this lawsuit Barrett claims Nationstar failed to give her some unspecified notice "because all transfers of the lien were not recorded timely."[36]  In Barrett I she plead, "Defendants have failed to give notice . . . of substitute trustee's sale . . . because all transfers of the lien were not recorded timely."[37]

The elements of *res judicata* are met. Because claim preclusion applies, Barrett is barred from re-litigating these claims.

**B.        Even if They Were Not Precluded, Barrett's Claims Still Lack Merit.**

---

[30] *See* Pet. at 2.
[31] *See* Docket No. 9 at ¶ 27, Barrett I.
[32] *See supra* note 14.
[33] *See* Docket No. 9 at ¶ 28, Barrett I.
[34] *See* Pet. at 4.
[35] *See* Docket No. 9 at ¶ 27, Barrett I.
[36] *See* Pet. at 3, 7.
[37] *See* Docket No 1-2 at ¶¶ 15-16, Barrett I.

Even if Barrett's claims were not barred by *res judicata* they would still be subject to dismissal because they are premised upon an unmeritorious legal theory and fail to state a cognizable claim for relief.

### 1.    The Premise Underlying Barrett's Case Lacks Merit.

Barrett's lawsuit is premised on a theory rejected in Texas that the foreclosing party must hold *and* show the mortgagor the promissory note underlying the debt in order to foreclose under a deed of trust.[38]   This is simply not the law.

Nationstar is not required to hold the note in order to foreclose.  *Martins v. BAC Home Loans Servicing, LP*, No. 12-20559, 2013 WL 3213633, at *8 (5th Cir. June 26, 2013) ("The party to foreclose need not possess the note itself.").   In *Martins*, BAC Home Loans Servicing, LP conducted a foreclosure sale after receiving an assignment of the deed of trust from MERS. *Martins*, 2013 WL 3213633, at *5.  Martins challenged the sale claiming "BAC cannot foreclose because it was assigned only the mortgage, and not the note itself, by MERS."  *Martins*, 2013 WL 3213633 *5.  In rejecting this theory, the Court noted that "Texas courts have 'rejected the argument that a note and its security are inseparable by recognizing that the note and deed-of-trust lien afford distinct remedies on separate obligations.'"  *Martins*, 2013 WL 3213633, at *7. Thus, if a deed of trust gives a party the right to invoke the power of sale, it is irrelevant whether or not that same party owns or holds the note.  *Id.*; *see also Casterline v. OneWest Bank, F.S.B.*, No. 13-40067, 2013 WL 3199059 (5th Cir. June 25, 2013) ("[W]e reject [Casterline's] theory that OneWest could not foreclose on the property without also possessing the Note.").

In this case, the deed of trust is assigned to HSBC; thus, HSBC is the mortgagee with the power to foreclose, either directly or through its mortgage servicer.  *See* TEX. PROP. CODE

---

[38] *See supra* notes 10-11.

§ 51.0001(4)(c) (defining "mortgagee" as, among other things, "the last person to whom the security interest has been assigned of record" "if the security interest has been assigned of record."); TEX. PROP. CODE § 51.0025 ("A mortgage servicer may administer the foreclosure of property under section 51.002 on behalf of a mortgagee . . .")  There is no requirement either HSBC or Nationstar hold the note to exercise these rights.  *See, e.g., Martins*, 2013 WL 3213633 at *8; *Bierwirth v. BAC Home Loans Servicing, LP*, No. 03-11-644-CV, 2012 WL 3793190, at *4, 9 (Tex. App.—Austin Aug. 30, 2012); *Torello v. Mortg. Elec. Reg. Sys. Inc.*, No. 3:11-CV-0948-G, 2012 WL 1888134, at *3 (N.D. Tex. May 24, 2012) ("there is no requirement that a mortgagee also hold the note."); *Broyles v. Chase Home Fin.*, No. 3:10-CV-256-G, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011) (noting the Texas Property Code "contemplates that someone other than the holder of the original note . . . may lawfully foreclose on the security interest."); *Silveira v. CitiMortgage, Inc.*, No. H-11-2757, 2012 WL 423409, at *2 (S.D. Tex. Feb. 8, 2012) ("Texas law does not require a mortgage servicer such as Citi to be a holder of the note in order to foreclose on the Property.")[39]

---

[39] These decisions, and the many others like them, are consistent with the plain language of chapter 51. There is nothing in the language of chapter 51 requiring a mortgagee (or a mortgage servicer) to own or hold the promissory note.  Presumably, if the Texas Legislature had intended to impose such a requirement, it could easily have included language to do so.  But it did not do so.  Not only did it not do so, when it amended chapter 51 in 2003, it expressly removed the term "holder" from section 51.002 and replaced it with the concepts of mortgagee and mortgage servicer.  *See* Historical and Statutory Notes to section 51.002 ("Acts 2003, 78th Leg., ch. 554 in subsecs. (b)(3) and (d) substituted 'mortgage servicer' for 'holder' throughout . . .").  Rules of statutory construction require this Court to conclude the Texas Legislature intended to omit any requirement the person who seeks to enforce a security instrument must also hold the promissory note.  Courts are required to presume that the Texas Legislature enacts laws with complete knowledge of the prior law, including any case law, on the subject-matter.  *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990).  Thus, even if the common law previously authorized only the holder of the promissory note to enforce the deed of trust, this Court must presume the Texas Legislature was aware of this law when it enacted the amendments to chapter 51 and intentionally omitted it.  Certainly, as pointed out above, the Texas legislature was cognizant that prior versions of chapter 51 itself restricted the right of foreclosure to the "holder."  But it expressly changed this requirement and omitted the term, replacing it with the concepts of mortgagee and mortgage servicer.  This Court is required to presume this omission was intentional.  *See, e.g., Cameron v. Terrell & Grant, Inc.*, 618

---

So too has Barrett's "show-me-the-note" argument been rejected.  *Martins*, 2013 WL 3213633, at *2 ("We find no contrary Texas authority requiring production of the 'original' note. The original, signed note need not be produced in order to foreclose.").  In fact, the theory has been so thoroughly rejected the state appellate court for the division in which the property sits was moved to observe:

> In 2009, a foreclosure defense colloquially termed 'show me the note' began circulating through courts across the country.  Advocates of this theory believe that only the holder of an original wet-ink signature note has the lawful power to initiate a non judicial foreclosure.  Courts have routinely rejected the defense on the ground that foreclosure statutes simply do not require production of the original note at any point during the proceedings.

*Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-330-CV, 2011 WL 1901975, at *3 (Tex. App.—Fort Worth May 19, 2011, not pet.) (citation omitted).  *See also Alexander v. Wells Fargo Bank, N.A.*, No. 02-10-5-CV, 2011 WL 1331519, at *3 (Tex. App.—Fort Worth Apr. 7, 2011, no pet. h.) (holding "nothing in section 1692g [of the Fair Debt Collection Practices Act] requires the holder of a note to produce original documents before foreclosing under the terms of a deed of trust") (mem. op.) (per curiam).

Because all of Barrett's claims rely upon these invalid theories, they must be dismissed.

### 2.    Barrett Fails to Plead a Minimally Sufficient Claim for Violation of the Texas Debt Collection Act.

Barrett asserts without merit that Nationstar violated the Texas Debt Collection Act (**TDCA**), chapter 392 of the Texas Finance Code.[40]  All she does is list three sections of the

---

S.W.2d 535, 540 (Tex. 1981) ("It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose . . . [l]ikewise, every word excluded from a statute must also be presumed to have been excluded for a purpose.").  *See also Centurion Planning Corp. v. Seabrook Venture II*, 176 S.W.3d 498, 505 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

[40] *See* Pet. at 2-3.  She cites Tex. Fin. Code §§ 392.303, "392.3043," and "392.301(8)."

TDCA—two of which ("392.3043" and "392.301(8)") do not exist—without alleging any facts to support the assertion.[41]

Barrett's allegations are too vague to state a claim.  Section 392.303, for instance, contains three subsections and section 392.304 (assuming this is what she intended to reference by "392.3043") contains nineteen; but her reference is limited to the vague, conclusory, and invalid on their face allegations noted above and which fail to put Nationstar on notice to what it must defend against.  Assuming Barrett's reference to section "392.301(8)" refers to section 392.301(a)(8), it provides "[i]n debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices . . . threatening to take an action prohibited by law."  As with her other claims under the TDCA, Barrett alleges no facts stating Nationstar threatened to do anything prohibited by law.  To the extent this claim is premised on the assertions regarding the necessity that Nationstar 'show-her-the-note,' this claim fails for the reasons set forth above.  Barrett's allegations fail to state a claim and must be dismissed.

**3.     Barrett Fails to Plead a Minimally-Sufficient Breach of Contract Claim.**

Barrett has a single sentence purporting to plead a breach of contract claim.[42]  "The elements of a breach of contract claim are (**1**) the existence of a valid contract, (**2**) the performance or tendered performance by the plaintiff, (**3**) breach of the contract by the defendant, and (**4**) damages to the plaintiff resulting from that breach."  *Harris v. Am. Prot. Ins. Co.*, 158 S.W.3d 614, 622-23 (Tex. App.—Fort Worth 2005) (citations omitted).  "[A]llegations [that] are nothing more than labels and conclusions . . . without providing factual allegations in

---

[41] These allegations are drawn word-for-word from her original pleading in Barrett I.  *See* Docket No. 1-2 at ¶¶ 24-26, Barrett I.

[42] *See* Pet. at 5.

support is insufficient to state a claim." *Hibbets v. Lexington Ins. Co.*, 377 Fed. Appx. 352, 356 (5th Cir. 2010) (affirming dismissal of breach of contract claim under Rule 12(b)(6)).

Not a shred of facts are to be found regarding the elements of the claim, not the least of which is the identity of the contract allegedly breached.   Barrett asserts, "Defendant's acts, omissions, and conduct . . . constitute breaches of the Deed of Trust and the related agreements made between Plaintiff and Defendant related to the Property."[43]   The problems with this allegation are legion.  No "acts, omissions, and conduct" by Nationstar are set forth other than the frivolous allegations regarding 'show-me-the-note.'  Which deed of trust?  There are two "related to the Property."[44]   What are the "related agreements"?  What provisions of which agreements were violated?   And perhaps most obviously, Nationstar and Barrett have not initiated any contractual relationships as suggested by the reference to "agreements made between Plaintiff and Defendant."  Nationstar is merely a successor servicer.  This is exactly the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation" meant to be dismissed under rule 12(b)(6). *Ashcroft*, 129 S. Ct. at 1949.

### 4.        Barrett Fails to Plead a Minimally Sufficient Claim for Violation of RESPA.

Barrett makes a reference to RESPA to attempt to hold Nationstar liable for conclusory violations of the statute.[45]   Barrett's RESPA claim should be dismissed with prejudice because she fails to plead sufficient facts to state a plausible claim.  She fails to allege anything other than naked noncompliance with the statute.  Such vague assertions do not "permit the court to infer

---

[43] *See* Pet. at 5.
[44] *See* **Exhibits 1** & **2**.
[45] *See* Pet. at 7 ("Defendant's predecessors and Defendant's continuing failures to provided [*sic*] Plaintiff with required disclosure statements and other disclosures, and failures to comply with procedures required by [RESPA], constitutes violations of RESPA.").

more than the mere possibility of misconduct[.]" *Iqbal*, 129 S. Ct. at 1949-50.  Barrett's RESPA claim should be dismissed.

### 5.   Barrett Fails to Plead a Minimally Sufficient Claim for Violation of the Texas Property Code.

Barrett failed to plead a minimally sufficient violation of the Texas Property Code. Again, the only allegations are naked noncompliance.  Barrett asserts "Defendants [*sic*] have failed to give notice . . . in the form and manner to comply with the Texas Property Code" based on the invalid notion that "transfers of the lien were not recorded timely."[46]  As described above, the property records reflect the deed of trust was assigned to HSBC.[47]  Barrett knows of this fact; she sued HSBC in Barrett I.[48]  She also references section 51.0025(2).[49]  That section requires a servicer provide notice of its address or the mortgagee's address when providing written notice of sale.  But the Notice of Substitute Trustee's Sale attached to her petition affirmatively shows compliance with this this provision.[50]  Barrett's allegations regarding the violation of the Texas Property Code must be dismissed.

### 6.   Barrett Does Not Plead a Minimally Sufficient Claim for Fraud.

Barrett's only specific effort to plead a fraud or intentional misrepresentation[51] claim is a single sentence: "Defendant's conduct, as described above, constitutes fraud, negligence and intentional misrepresentation, for which Plaintiff seeks damages in excess of the minimum

---

[46] *See* Pet. at 7.
[47] *See* ex. 3, assignment of deed of trust (21 June 2011); ex. 4, assignment of deed of trust (16 July 2012).
[48] *See, e.g.*, Barrett I, doc. 9 at 2-4.
[49] *See* Pet. at 7.
[50] *See* Docket No. 1-2 at p. 24 (copy of Notice of Substitute's Sale identifying Nationstar as mortgage servicer for HSBC and providing address for Nationstar).
[51] Nationstar notes "intentional misrepresentation" is not a separate cause of action, but an element of common law fraud.  *See, e.g., Nelson v. Regions Mortgage, Inc.*, 170 S.W.3d 858, 862 (Tex. App.— Dallas 2005, no pet.).

jurisdiction [*sic*] limits of this court."[52]   The elements of fraud are: (**1**) a material misrepresentation was made; (**2**) it was false; (**3**) when the representation was made, the speaker knew it was false or the statement was recklessly asserted without any knowledge of its truth; (**4**) the speaker made the false representation with the intent that it be acted on by the other party; (**5**) the other party acted in reliance on the misrepresentation; and (**6**) the party suffered injury as a result.  *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex. 1990).  A "promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act."  *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986).  A promise, however, must be specific and definite enough for it to be reasonable to rely upon them.  *See Gilmartin v. KVTV-Channel 13*, 985 S.W.2d 553, 559 (Tex. App.—San Antonio 1998, no pet.).  Because reliance must be reasonable and justified, vague assurances that no reasonable person would rely upon are not actionable misrepresentations.  *Gilmartin*, 985 S.W.2d at 558.

Barrett does not set forth allegations of fact to support the elements of this claim.  The material misrepresentations of which she complains appears to be "Defendant's refusal to produce the original note."[53]  This is not a representation at all, nor could it be characterized as false.  Barrett fails to set forth any other representations, how the representations are material, how the representations are false, or anything at all she did in reliance on these representations.  From everything Barrett pleads in her petition, all she has done that she might attribute as conduct in reliance is her continuing to refuse to repay the loan.  That is not sufficient conduct to support a claim she has been subject to fraud.  And Barrett has not alleged any facts from which

---

[52] Pet. 8.
[53] Pet. at 7.

to conclude she has been injured.  There are no allegations of fact to support this claim, and it must be dismissed.

### 7.    Barrett Does Not Plead a Minimally Sufficient Claim for Negligence.

Barrett's claim for negligence should be dismissed because she does not plead facts to support the elements of the claim.  There is no duty upon which a claim for negligence can be based in this context.  *Blanche v. First Nationwide Mortgage Corp.*, supra, 74 S.W3d 444 (Tex. App.—Dallas 2002, no pet.); *Prospect High Income Fund v. Grant Thornton, LLP*, 203 S.W.3d 602, 609 (Tex. App.—Dallas 2006, pet. denied); *Trans-Gulf v. Performance Aircraft Servs.*, 82 S.W.3d 691, 695 (Tex. App.—Eastland 2002, no pet.) (collecting cases).  In *Blanche*, the Blanches, borrowers under a mortgage loan, sued First Nationwide, the mortgagee, alleging negligence.  *Blanche*, 74 S.W.3d at 452.  The Blanches complained that, after a federal court had declared them to not be the owners of the subject property, First Nationwide continued to hold them liable under the mortgage by reporting them as delinquent.  *Id.* at 452-53.  First Nationwide challenged the Blanches' element of damages in its negligence claim.  *Id.* at 453.  The court agreed, holding "to be entitled to damages for negligence, a party must plead and prove something more than mere economic harm."  *Id.*  "[P]ermitting a tort recovery for purely economic loss would be a duty standard that sweeps too broadly."  *Id.* at 453.  (citing *Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.*, 29 S.W.3d 282 (Tex. App.—Houston [14th Dist.] 2000, no pet.)).

Barrett alleges no facts from which to conclude she has been harmed as a result of any act or omission attributable to Nationstar, and certainly nothing other than purely economic damages.  No facts in the petition indicate Nationstar destroyed Barrett's tangible property or injured her body.  She has not stated a valid claim for negligence, and it must be dismissed.

**8.      Barrett Fails to Plead a Minimally Sufficient Trespass to Try Title and Quiet Title Claim.**

To succeed on a claim for trespass to try title, Barrett must show, among other things, she was in possession of the Property, or entitled to possession of the Property, but Nationstar "unlawfully entered upon and dispossessed [her] of such premises, stating the date, and withholds from [her] the possession thereof." TEX. R. CIV. P. 783(d), (e).  To state a claim, the party in possession of the Property is required to be the defendant. TEX. R. CIV. P. 784.  Here, Barrett does not allege she has ever been dispossessed from the Property—her Petition in fact gives the Property address as her service address.

Barrett's suit to quiet title is equally defective.  "The plaintiff in a suit to quiet title must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied).  Even apart from the principle of *res judicata* and the lack of merit to the underlying premise of her claim, her  claims impermissibly seek to establish their merit through the alleged weakness of Nationstar's title rather than the strength of her own.  *See Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. App.—Corpus Christi 1977, writ ref'd n.r.e.) ("[A quiet title] claimant must base his action on the strength of his own title[.]").  "The defendant is not required to show title in [it]self, nor may the plaintiff rely on the defendant's failure to do so." *Wall v. Carrell*, 894 S.W.2d 788, 797 (Tex. App.—Tyler 1994, writ denied).  Moreover, "[t]he plaintiff in a suit to quiet title must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied); *Fricks v. Hancock*, 45 S.W.3d

322, 327 (Tex. App.—Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

These claims must be dismissed.

**9.      Barrett Is Not Entitled To Declaratory Relief.**

Barrett's request for declaratory relief is insupportable under Texas law.  The Declaratory Judgment Act does not create an independent cause of action; instead it provides a form of relief. *See, e.g., Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937).  Barrett's requests are remedial in nature and are dependent upon the assertion of viable causes of action.  *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) (plaintiff seeking a permanent injunction must establish, among other things, success on the merits of his claim).  To the extent Barrett tried to plead for declaratory relief, the attempt fails with her faulty premise—as demonstrated by the public records and the outcome of Barrett I—upon which she purports to found it.  Barrett's request for declaratory relief fails.

## V.      CONCLUSION & PRAYER

This lawsuit is nothing more than Barrett's latest attempt to misuse the courts to delay the lawful consequences of her failures to repay her debts.  She has had her day in court and her claims were dismissed with prejudice.  Even if she were coming to court for the first time her claims lack merit and would still be appropriate for dismissal.  The Court must dismiss this lawsuit with prejudice.

Date: September 25, 2013                              Respectfully submitted,


                                                     _____/s/ Michael J. McKleroy, Jr._____
                                                     Michael J. McKleroy, Jr., SBN: 24000095
                                                     *Attorney-in-Charge*
                                                     C. Charles Townsend, SBN: 24028053
                                                     *Of Counsel*
                                                     Walter McInnis, SBN: 24046394
                                                     *Of Counsel*
                                                     AKERMAN SENTERFITT, LLP
                                                     2001 Ross Avenue, Suite 2550
                                                     Dallas, Texas  75201
                                                     Telephone: 214.720.4300
                                                     Facsimile:  214.981.9339

                                                     **ATTORNEYS FOR DEFENDANT
                                                     NATIONSTAR MORTGAGE, LLC**


## CERTIFICATE OF SERVICE

        I hereby certify that on September 25, 2013, a true and correct copy of the foregoing was served as follows:

Detra Barrett
1601 Pacific Place
Fort Worth, Texas 76112
*Pro Se Plaintiff*
**VIA U.S. REGULAR MAIL
AND VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 7196 9008 9111 1486 5396**


                                                     _____/s/ Michael J. McKleroy, Jr._____
                                                     Michael J. McKleroy, Jr.