UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DETRA BARRETT<br>PLAINTIFF: | § § § § § | |
| V. | § § | Case No: 4:13-cv-744-C |
| NATIONSTAR MORTGAGE LLC<br>DEFENDENT: | § § § § § § | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Federal Rules of civil procedure 9 and 12(b) Plaintiff DETRA BARRETT request the court to deny the motion to dismiss and in support there of would respectfully show this honorable court the following:

1. On August 30, 2013, DETRA BARRETT ("Plaintiff") Filed an action against NATIONSTAR MORTGAGE LLC and in the Tarrant County District Court, County, Texas entitled "DETRA BARRETT v. NATIONSTAR MORTGAGE LLC".

2. Pursuant to 28 U.S.C § 1446(d), this Notice of Removal will be filed with the Tarrant County District Court, Tarrant County, Texas, and a copy of this Notice of Removal was served on the Plaintiff.

3. Plaintiff's requested in writing on August 29, 2013 that the defendants produce certified copies of any and all transfer documents showing all of the transfers and assignments of the Original Deed of Trust and the Original Note. Additionally,

Plaintiff has requested that the defendants produce the Original Note and Original Title. These requests were made in order to verify that the defendants are in fact the "holders" of the note as required by Texas Law. Defendants have yet to produce such documents. It is Plaintiff's belief that the defendants do not have authority to foreclosure on the property and are in fact not the actual holders of the original note, and therefore entitled to collect on the debt.

4. Plaintiff allegedly signed a Promissory Note with WMC MORTGAGE CORPORATION as the alleged lender in order to purchase the property located at **1601 Pacific Place, Fort worth, Texas 76112.**, on **07/09/2004**. After requesting documents to verify the debt and note holder, the defendant have refused to produce the original note or any other documentation. Further, Defendants have not allowed Plaintiff to review and documentation to confirm their authenticity.

5. Plaintiff allegedly signed a Deed of Trust with WMC MORTGAGE CORPORATION as the alleged lender on **07/09/2004**, which was allegedly recorded in the office of the County Clerk of the Deed of Trust Records of Tarrant County, Texas. Although plaintiff has requested documents to verify that all transfers and assignments of the original Deed of Trust were executed or recorded properly, the Defendants have yet to produce any such documentation.

6. Pursuant to **THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT** opinion on case No. 98-50117 SMS FINANCIAL, LIMITED LIABILITY COMPANY vs. ABCO HOMES, INC.; ABBOTT CONSOLIDATED INDUSTRIES, INC.; ABBOTT DEVELOPMENT COMPANY; H. EUGENE ABBOTT; RICHARD E ABBOTT and **THE COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS** *Wells*

*Fargo Bank, N.A. v. Ballestas*, Case No. 01-10-00020-CV ( Tex. App.-Houston 2011,) it is mandatory To recover on a promissory note, the defendant must prove: (1) the existence of the note in question; (2) that the party sued signed the note; (3) that the defendant is the owner or holder of the note; and (4) that a certain balance is due and owing on the note. Bean v. Bluebonnet Savings Bank FSB, 884 S.W.2d 520, 522 (Tex.App.--Tarrant1994, no writ). " 'Negotiation' means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder." Tex. Bus. & Com.Code § 3.201(a) (Vernon Supp.1999). "[I]f an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder." Id. § 3.201(b). When an instrument is payable to an identifiable person, the "holder" is the person in possession if he is that identified person. See Tex. Bus. & Com.Code § 1.201(20) (Vernon Supp.1999). When a holder indorses an instrument, whether the instrument is payable to an identified person or payable to bearer, and "the endorsement identifies a person to whom it makes the instrument payable," it is a "special endorsement." Tex. Bus & Com.Code § 3.205 (Vernon Supp.1999). "When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the endorsement of that person." Id. (emphasis added). A "person entitled to enforce" an instrument includes the holder of an instrument. See Tex. Bus. & Com.Code § 3.301 (Vernon Supp.1999)..

## TEXAS FINANCE CODE VIOLATION

7. Because Defendants have provided no evidence that they are in fact Holder of the Note, they have no authority to collect on the note. Defendants nonetheless have

engaged in actions to collect on such Note. These actions are hereby Fraudulent, deceptive and/or misleading representations actionable under the Texas Finance Code 392.303 and 392.3043, the Texas Debt Collection Act (TDCA).

8. Defendants are in Violation of Texas Finance Code Section 392.301(8), therefore having no authority to collect on the note or hold a substitute trustee's sale.

9. All alleged transfers, assignments, and misstatements of facts regarding the Note by Defendants, and the failure of Defendants to verify that they are the holders of the Note, constitute violations of the Texas Finance Code.

## DECLARATORY JUDGMENT

10. The Plaintiffs requests that the court declare that any attempt to foreclose pursuant to the Texas Property Code 51.001 et seq is an action to collect a debt and therefore the Defendants must produce the one and only Original Promissory Note Signed by the Plaintiff for inspection by the Plaintiff and or his document examiner.

WHEREFORE, in consideration of the forging, the Plaintiff, DETRA BARRETT, pray that the above- described action in the In the United States District Court for the Northern District of Texas Fort Worth Division proceed and not dismiss this case.

Respectfully submitted by,

DETRA BARRETT
1601 Pacific Place
Fort Worth, Texas 76112
817-937-2002

## CERTIFICATE OF SERVICE

I certify that a true copy of the above was served on the attorney and/ or registered agent of record or party by process server or certified mail at the last known address in accordance with Federal Rules of Civil Procedure on October 11, 2013

_/s/ Detra Barrett_
DETRA BARRETT

**VIA U.S. FIRST CLASS MAIL**

Akerman Senterfitt LLP
Attn: Walter McInnis
2001 Ross Ave. Suite 2550
Dallas, Texas 75201
Tel: 214-720-4300
Fax: 214-981-9339

ATTORNEY **FOR DEFENDANT**
NATIONSTAR MORTGAGE LLC